E-FILED
Friday, 20 September, 2024  10:49:04 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

LEVRON, INC. d/b/a TITAN PHARMACY,

Plaintiff,

-against-

TITAN RX CARE LLC d/b/a TITAN RX,

Defendant.

Civil Action No. 24-3264

**COMPLAINT AND
JURY TRIAL
DEMANDED**

EQUITABLE RELIEF IS
SOUGHT

Plaintiff Levron, Inc. d/b/a Titan Pharmacy ("Titan Pharmacy"), by its undersigned attorneys, states for its Complaint against defendant Titan Rx Care LLC d/b/a Titan Rx ("Titan Rx"), upon knowledge with respect to its own acts and upon information and belief with respect to all other matters, as follows:

1.   This is an action by Titan Pharmacy against Titan Rx for statutory and common law trademark infringement, false representation and cybersquatting arising from Titan Rx's trading on Titan Pharmacy's goodwill through Titan Rx's infringing use of the term "Titan Rx" as applied to pharmacy services, which is confusingly similar to Titan Pharmacy's federally-registered "Titan Pharmacy" mark.

2.   Titan Rx uses the infringing mark to promote the sale of its own competing and related services.  To compound the confusion created by its infringement, Titan Rx registered the domain name "TitanRxCare.com" for its Internet website and uses the website to promote the sale of its own competing services, thus infringing Titan Pharmacy's trademark and cybersquatting on Titan Pharmacy's own "TitanRx.com" domain name.

3.   Titan Pharmacy seeks injunctive relief and damages for trademark infringement under 15 U.S.C. § 1114; for false designation of origin under 15 U.S.C. § 1125(a); for related pendent acts of unfair competition; and for cybersquatting under 15 U.S.C. § 1125(d).

4.   Unless Titan Rx's infringing conduct is enjoined, Titan Pharmacy will continue to suffer irreparable, inestimable harm to its trademark, and its goodwill and reputation. Unless Titan Rx disgorges its ill-gotten profits and makes Titan Pharmacy whole for the damage it has caused, Titan Rx will be greatly unjustly enriched at Titan Pharmacy's expense.

<u>Jurisdiction and Venue</u>

5.   This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1125(a) (Lanham Act), 28 U.S.C. § 1331 (federal question) and § 1338 (patent, trademark and copyright), and pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

6.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), in that Titan Rx resides in this District.

<u>The Parties</u>

<u>Titan Pharmacy</u>

7.   Plaintiff Titan Pharmacy is a New York corporation with its principal place of business at 35-19 31st Avenue, Long Island City, New York 11106.  Titan Pharmacy, which has been in the pharmacy business since 2000, provides pharmacy services throughout various states in the United States *via* mail order and retail sales, with a focus on providing such services to those purchasing prescription medications through workers' compensation and no-fault insurance plans.

8.   Titan Pharmacy is the owner of U.S. Trademark Reg. No. 3,429,834 for the word mark "Titan Pharmacy" as applied to "Retail Pharmacy Services; Mail Order Services Featuring Prescriptions and Pharmaceutical Medicine"; and "Pharmacists' Services to Make Up Prescriptions" (the "Titan Mark").  Titan Pharmacy has been using the Titan Mark in commerce since at least 2000.  The Titan Mark is an inherently distinctive mark, having been in use for

nearly 25 years and being arbitrary as applied to pharmaceutical services.  A copy of the registration for the Titan Mark is attached as Exhibit A.

9.   Long before Titan Rx began its infringing acts, as the result of the promotion and sale of services identified by the Titan Mark and of the high quality of services offered in connection with the Titan Mark, the Titan Mark and the services related to it became recognized by the trade and consumers as originating from and being associated only with Titan Pharmacy.

10. As a direct result of Titan Pharmacy's usage of its mark, the unique and distinctive Titan Mark is well-known, famous, is associated by the trade and public with Titan Pharmacy, and represents a business and goodwill of significant and inestimable value to it.

11. Titan Pharmacy has also maintained an Internet website since at least 2007 at www.TitanRx.com as a means of, among other things, further promoting the sale of its services. The Titan Pharmacy website has, since its inception, made prominent use of the Titan Mark, as has the rest of Titan Pharmacy's marketing and promotional literature.

Titan Rx

12. Titan Rx Care LLC is an Illinois limited liability company formed with a place of business at 3200 Pleasant Run, Suite B, Springfield, Illinois 62711.  Titan Rx describes its pharmaceutical services as "medication synchronization," "packaged doses," and "home delivery."

13. Titan Rx operates a website at the domain name "TitanRxCare.com," which was registered in 2021.  When seeking to register "TitanRxCare.com," Titan Rx undoubtedly discovered Titan Pharmacy's "TitanRx.com" domain name but nevertheless registered the confusingly similar "TitanRxCare.com" to further trade on Titan Pharmacy's goodwill.

Facts Common to All Claims for Relief

14. There can be no doubt that Titan Rx's use of the Titan Rx designation infringes the Titan Mark. Both the Titan Mark and the Titan Rx designation are both used in connection with identical or substantially similar pharmacy services. "Titan" as applied to pharmacy services is arbitrary and thus, inherently distinctive. The Titan Rx designation is arbitrary, and thus inherently distinctive. The Titan Rx designation appropriates that arbitrary term "Titan" in its entirety and, like the Titan Mark, uses "Titan" as the first word. Moreover, "Rx" as used in the Titan Rx designation is commonly understood as meaning "prescription," which is, of course, a core pharmacy function.

15. Titan Rx's appropriation of the Titan Mark is not merely likely to cause confusion with the Titan Mark, it has already caused actual confusion. For example:

(a) on or about June 4, 2024, an Illinois medical provider wrongly faxed to Titan Pharmacy in New York three prescriptions for a patient located in Illinois that were obviously intended for Titan Rx;

(b) on or about June 19, 2024, an Illinois medical provider sent to Titan Pharmacy in New York what was supposed to be a follow up fax about five electronic prescriptions intended for Titan Rx in which the medical provider wrote: "Received call meds were not sent. Report provided;"

(c) on or about July 23, 2024, Titan Pharmacy received an electronic prescription from an Illinois medical provider for an Illinois patient;

(d) in a clear case of actual consumer confusion, a patient called Titan Pharmacy inquiring about a prescription that had evidently been sent to Titan Rx; and

(e) on or about August 29, 2024, Titan Pharmacy received an electronic prescription from a Missouri medical provider for an Illinois patient.

16. If Titan Pharmacy has received all of these misdirected communications from all of these confused medical providers and patients, it stands to reason that prescriptions intended for Titan Pharmacy similarly have been and are likely still being diverted from Titan Pharmacy to Titan Rx.

17. It bears emphasis that in all five of the above instances—and in the currently unknown countless instances of actual confusion between Titan Pharmacy and Titan Rx—patients were denied access to needed, potentially life-saving, medications.  Thus, Titan Rx's infringing use of the Titan Pharmacy mark is not only damaging Titan Rx but poses physical danger to individuals in need of their medications.

<u>Titan Rx's Continuing Bad Faith Infringement</u>

18. Titan Rx's infringement is plainly willful.  Not only should Titan Rx have easily learned of the Titan Mark before it adopted its infringing mark, Titan Pharmacy has repeatedly advised Titan Rx of its infringement, but Titan Rx has ignored Titan Pharmacy's demand that Titan Rx cease its infringement.

19. On June 11, 2024, counsel for Titan Pharmacy wrote to Mr. Joseph Packett, the apparent principal of Titan Rx, advising him of the Titan Mark and demanding that Titan Rx take immediate action to cease infringing the Titan Mark.  That letter was ignored.

20. On June 25, 2024, counsel for Titan Pharmacy wrote a follow up letter to Mr. Packett, emphasizing the gravity of the situation and urging Mr. Packett to cease the infringement.  That letter was ignored.

21. Counsel for Titan Pharmacy thereafter engaged in an exchange of text messages commencing on August 1, 2024, and a telephone voice message left for Mr. Packett about the matter.  Mr. Packett claimed ignorance of the two letters in a text message, asked for copies, and advised counsel that he was then travelling but would address this matter promptly upon his return.

22. On August 14, 2024, counsel for Titan Pharmacy sent an email to Mr. Packett with copies of both letters in response to a text message from Mr. Packett of that date requesting copies of the previously submitted letters and in that August 14, 2024 email counsel for Titan Pharmacy noted that FedEx had previously "confirmed delivery of both letters."  That email was ignored, and Titan Rx is continuing its infringement unabated, thus continuing to pose a risk to patients needing their vital medications.

23. Titan Pharmacy has spent many years establishing its goodwill in the Titan Mark.  Titan Rx's wanton infringement threatens to irreparably damage that good will.  Titan Pharmacy has no adequate remedy at law and must instead seek the Court's equitable relief to enjoin Titan Rx's continuing infringement.

**FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGMENT PURSUANT TO 15 U.S.C. § 1114**

24. Titan Pharmacy repeats and realleges each and every allegation contained in paragraphs 1 through 23 as if fully set forth herein.

25. Titan Rx's provision of pharmacy services under the Titan Rx designation has caused and is likely to continue causing confusion as to the source, origin, sponsorship or affiliation of Titan Rx's services and business.

26. Such acts violate the Trademark Act of the United States and constitute infringement of Titan Pharmacy's federally registered trademark.

27. By reason of the foregoing, the public is likely, and will continue to be confused, misled or deceived, and Titan Pharmacy is now suffering and will continue to suffer irreparable injury, including injury to its good will and reputation for which it has no adequate remedy at law.

28. Titan Rx is using the Titan Rx designation with knowledge that its use is false, misleading and deceptive, and with the intent to unfairly compete with Titan Pharmacy.

29. Titan Rx's acts have caused Titan Pharmacy substantial damage in an amount not yet ascertained, and to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN PURSUANT TO 15 U.S.C. § 1125 (a)**

30. Titan Pharmacy repeats and realleges each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

31. Titan Rx's pharmacy services under the Titan Rx designation and trademark is likely to cause confusion as to the source, origin, sponsorship or affiliation of Titan Rx's services and business.

32. Such acts violate the Trademark Act of the United States and constitute the sale of goods bearing false designations of origin.

33. By reason of the foregoing, the public is likely, and will continue to be confused, misled or deceived, and Titan Pharmacy is now suffering and will continue to suffer irreparable injury, including injury to its good will and reputation for which it has no adequate remedy at law.

34. Titan Rx is using the Titan Rx designation and trademark for its pharmacy services with knowledge that its use is false, misleading and deceptive, and with the intent to unfairly compete with Titan Pharmacy.

35. Titan Rx's acts have caused Titan Pharmacy substantial damage in an amount not yet ascertained, and to be determined at trial.

### THIRD CLAIM FOR RELIEF
### UNFAIR COMPETITION IN VIOLATION OF THE COMMON LAW

36. Titan Pharmacy repeats and realleges each and every allegation contained in paragraphs 1 through 35 as if fully set forth herein.

37. Titan Rx's use of the Titan Mark is without the authorization or permission of Titan Pharmacy.

38. As a result of Titan Rx's use of the Titan Mark, the consuming public and trade are likely to falsely attribute and have falsely attributed to Titan Rx's products, attributes and characteristics of Titan Pharmacy's services, or to believe that Titan Rx's services are authorized by Titan Pharmacy, or to believe that Titan Rx's business is affiliated with Titan Pharmacy's business.

39. By reason of the foregoing, Titan Rx has engaged in and is continuing to engage in acts of unfair competition in violation of the common law.

40. By reason of the foregoing, Titan Pharmacy is now suffering and will continue to suffer irreparable injury, including injury to its good will and reputation for which it has no adequate remedy at law.

41. Titan Rx's acts have caused Titan Pharmacy substantial damage in an amount not yet ascertained, and to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### CYBERSQUATTING PURSUANT TO 15 U.S.C. § 1125(d)

42. Titan repeats and realleges each and every allegation contained in paragraphs 1 through 41 as if fully set forth herein.

43. Titan Rx has registered and used a domain name that is confusingly similar to the distinctive Titan Mark and it did so with the bad faith intent of profiting therefrom.

44. The above-alleged acts of Titan Rx constitute cyberpiracy in violation of Section 43(d) of the Trademark Act of the United States (15 U.S.C. §1125(d)).

45. Due to Titan Rx's acts, Titan is now suffering and will continue to suffer irreparable injury for which it has no adequate remedy at law.

46. Titan Rx's acts have caused Titan substantial damage in an amount not yet ascertained, and to be determined at trial.

**WHEREFORE**, Titan Pharmacy prays that:

1.   A permanent injunction issue enjoining and restraining Titan Rx, its officers, directors, principals, agents, servants, employees, successors and assigns, and all those acting in concert with them, from:

(a)   imitating, copying or making unauthorized use of any simulation, reproduction, copy or colorable imitation of the Titan Mark;

(b)   manufacturing, having manufactured, producing, having produced, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service using any simulation, reproduction, copy or colorable imitation of the Titan Mark;

(c)   using any simulation, reproduction, copy or colorable imitation of the Titan Mark, or any other marks, appearance or means of identification confusingly similar thereto in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product;

(d)     registering, seeking to register or using any domain name which incorporates the mark and name "Titan" or any of Titan Pharmacy's marks or any term, mark or name confusingly similar thereto;

(e)     adopting, using, or registering as a trade name, corporate name, service mark, e-mail address, meta-tag or keyword any name or mark that incorporates in whole or in part any of Titan Pharmacy's marks or any term, name or mark confusingly similar thereto;

(f)     otherwise unfairly competing with, injuring the business reputation of, or damaging the goodwill of Titan Pharmacy in any manner, otherwise falsely representing themselves as being connected with, sponsored by, or associated with Titan Pharmacy; and

(g)     from making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any product manufactured, distributed or sold by, or service rendered by Titan Rx is in any manner authorized, associated or connected with Titan Pharmacy, or is offered, rendered, sold, manufactured, licensed, sponsored, approved or authorized by Titan Pharmacy;

2.   Titan Rx be ordered to forfeit the registration of the "TitanRxCare.com" domain name and to pay Titan Pharmacy statutory damages;

3.   Titan Pharmacy be awarded its actual and treble damages and Titan Rx's profits pursuant to 15 U.S.C. §1114 *et seq.*;

4.   Titan Rx be ordered to deliver to Titan Pharmacy's attorneys or representatives for destruction all labels, signs, prints, packages and advertisements in their

possession or under their control, bearing any simulation, reproduction, copy or colorable imitation of the Titan Mark;

5.   An Order issue directing such other relief as the Court may deem appropriate to prevent the trade and public from forming any erroneous impression that any service offered or product manufactured, sold or otherwise distributed or promoted by Titan Rx is authorized by Titan Pharmacy or related in any way to Titan Pharmacy's goods or services; and

6.   An Order issue directing such other and further relief as the Court may deem just and proper, together with attorneys' fees and investigative costs, interest, costs and disbursements of this action.

<u>Jury Trial Demand</u>

Plaintiff Titan Pharmacy hereby demands a trial by jury of this action.

Dated: September 20, 2024                    ALLEGAERT BERGER & VOGEL, LLP

_____/s/ Richard L. Crisona_____
Richard L. Crisona (Lead Counsel)
Bar No. 1982396
rcrisona@abv.com
111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

*Attorneys for Plaintiff Levron, Inc. d/b/a Titan Pharmacy*